CASE 100—EQUITY—OCTOBER 4, 1881.

# Parrott, &c., v. Kelly, &c.

### APPEAL FROM WASHINGTON COURT OF COMMON PLEAS.

1. Husband and wife join in a conveyance of the wife's real estate to her sister, with the object of having it reconveyed by her to the wife, with power to dispose of it by will or otherwise, and it was so conveyed. The wife devised it to her husband.
2. The title passed by the devise.

JOHN W. LEWIS FOR APPELLANTS.

1. The statute recognizes the conveyance of the wife's land in connection with the husband, but denies the power to make a will by her.
2. The power of the owner to dispose of property after death is not by natural laws, but by positive institutions of society. (Gen. Stats., chap. 113, sec. 2; *Ib.*, sec. 4; *Ib.*, chap. 52, art. 2, sec. 3; *Ib.*, art. 4, sec. 17; Moore v. Howe, 4 Mon., 201; Mitchell v. Holden, 8 Bush, 363; Bishop on Law of Married Women, vol. 2, secs. 536–548; *Ib.*, vol. 1, secs. 37 and 715; Kennedy v. Ten Broeck, 11 Bush, 251; George v. Bussing, 15 B. Mon., 563; Wilkinson v. Wright, 6 *Ib.*, 577; 6 J. J. Mar., 573; Kent's Com., vol. 2, 171–2; 1 Roper on Husband and Wife, 170; 1 Williams on Ex., 40; Broaddus v. Broaddus, 10 Bush, 309.)

R. J. BROWNE FOR APPELLEES.

1. The deed from Ellery and wife to Mrs. Polin divested them of all title to the property.
2. The deed from Mrs. Polin to Mrs. Ellery conveyed it to her with its character changed from general to separate estate, with the power to dispose of it by will. Such conveyances have been frequently sustained by this court. (Pate v. Joe, 3 J. J. Mar., 116; Tudor v. Tudor, 19 B. Mon., 389; Gen. Stat., 113, sec. 39; 2 Stanton's Rev. Stat., 457; Anderson v. Miller, 6 J. J. Mar., 573; 9 Dana, 501; 6 B. Mon., 577; Scarborough v. Watkins, 9 *Ib.*, 540; Mitchell v. Holden, 8 Bush, 364.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The will of Catherine Ellery was admitted to probate in the Washington county court in the year 1877. At the date of the will, and when executed, in September, 1857, the testatrix was a married woman, the wife of John Ellery, and to whom she devised her whole estate. An appeal was

prosecuted to the circuit court of that county from the order of the county court, and the probate sustained.

It seems from the facts contained in the record that Mrs. Ellery had no children, and was desirous of securing her estate to her husband, and in order to accomplish her purpose, she and her husband united in a conveyance to her sister, Mrs. Polin, of her real estate, expressing the consideration of love and affection, and the nominal consideration of one dollar in hand paid.  Her sister then reconveyed the land to Mrs. Ellery for her separate use, to be held free from any claim of the husband, and also empowered her to dispose of it by last will and testament.

There is no charge of fraud or undue influence in the execution of either the deeds or· the will of the testatrix, and the execution of each originated solely from the desire on the part of the wife that her husband should have the estate; and the only question is, was Mrs. Ellery, by the execution of these deeds, invested with the power to execute the will, and the absence of a valuable consideration in the conveyance of her estate to her sister is the sole reason urged for invalidating that instrument.

It is conceded that she had the right to convey this estate to her sister, and that a reconveyance to the husband or to the two jointly would have passed the absolute title, but that the right to devise the property, either under the express power given by the deed from the sister, or by reason of its being her separate estate, could not be conferred in that way.

In Scarborough v. Watkins, 9 B. Mon., and Todd's heirs v. Wickliffe, 18 B. Mon., and in the subsequent case of Kennedy v. Ten Broeck, this court held that conveyances made by the husband and wife for the purpose alone of hav-

ing a reconveyance so as to vest the husband with the estate or an interest in it, were valid, and we see no reason why the wife may not be invested with the power to make a will in the same manner. As long as she is under the disability of coverture, she has no power to devise her general estate under our present statute, or to convey her real estate except in the manner prescribed by law; and, as was said in the case of Kennedy v. Ten Broeck, she cannot, by her own deed, or in conjunction with her husband, vest herself with any power over her estate.

In that case the wife attempted at one time to execute a power of attorney to the husband to sell and dispose of all of her estate, and in discussing that branch of it, this court held that such a power could not be created by the joint action of the husband and wife, but expressly held that a *feme covert* could be invested by deed or will emanating from a third party with a power of appointment in lands; and further, that the conveyance of Ten Broeck and wife to Barrett, the trustee, to enable him to reconvey to the husband and wife and the survivor, with no other motive than to vest the husband with an interest in the wife's land, was valid.

The husband and wife had the right to convey the land of the wife in the manner provided by the statute, and whether for a valuable or a mere nominal consideration, the title passed. There may be equitable grounds for cancelling the deed or will, but none exists in this case, nor could the question arise in such a proceeding.

The right of a *feme covert* to sue and convey or mortgage her estate for the benefit of the husband is not questioned; and the power of the husband and wife to sell and convey to a third party the land of the wife, that it may be recon-

veyed to the husband, has been repeatedly recognized by this court, and when the right to convey in such a manner is conceded, it seems to us determines the question before us.

The husband and wife in this case united in a conveyance of the wife's land, signed and acknowledged as required by law, passing to the sister of the wife the absolute title; and the latter being invested with the title, had the power to re-convey to the wife alone or to the husband and wife jointly,. with such restrictions and limitations on the title as the parties might desire. If the title passed to Mrs. Nolin, she had the right to dispose of it so as to carry into effect the wishes of her sister; and that the title did pass has been too often decided by this court to require the citation of authority in support of it.

Mrs. Ellery had no children, and the execution of the conveyance having been prompted by the love and affection for her husband, free from any improper influences, it was. proper to admit the will to probate.

Judgment affirmed.